THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARRET A. THERRIAULT, | CASE NO. C17-0062-JCC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 25). Plaintiff's counsel requests $13,000.00 for his representation of Plaintiff in federal court. (*Id.* at 1.) For the foregoing reasons, the Court GRANTS the motion.

I. **DISCUSSION**

Under § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In determining whether to grant a § 406(b) fee request, the court must first ensure that the requested fee is consistent with the contract between the plaintiff and their attorney. *See Crawford v. Astrue*, 586

F.3d 1142, 1148 (9th Cir. 2009) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002)). The court must then test the requested fee for reasonableness. *Id.* (citing *Gisbrecht*, 535 U.S. at 808). The court has broad discretion to decide if a fee request is reasonable or to adjust a fee downward if the request is unreasonable. *See Gisbrecht*, 535 U.S. at 808.

Here, the request of Plaintiff's attorney is appropriate under § 406(b). Plaintiff is entitled to past-due benefits totaling over $62,000.00. (Dkt. No. 25 at 2.) Plaintiff's attorney has requested an award of $13,000.00 in attorney fees. (*Id.* at 1.) This figure is significantly lower than the statutory cap and the 25 percent that Plaintiff agreed to pay his attorney. (*See* Dkt. No. 26-3 at 1.) And this effective hourly rate is similar to those approved by other courts in such actions, properly accounts for the risks involved in social security litigation, and is reasonable in light of the efficient and effective representation provided by Plaintiff's attorney. *See Shubin v. Colvin,* 2015 WL 233243, slip op. at 2 & n.2 (C.D. Cal. 2015) (observing that courts often approve hourly fees in excess of $1,000); *Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (remarking on the fact that effective hourly rates in social security cases are higher than normal given then inherent risks in such cases). Accordingly, the Court AWARDS attorney fees totaling of $13,000.00 to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b).

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney fees (Dkt. No. 25) is GRANTED. Plaintiff's attorney is AWARDED attorney fees totaling $13,000.00. Defendant is DIRECTED to send a fee of $13,000.00 to Plaintiff's attorney at P.O. Box 31844, Seattle, WA 98103, minus any applicable processing fees as allowed by statute. Plaintiff's attorney is DIRECTED to reimburse Plaintiff the $3,857.08 fee previously received pursuant to the Equal Access to Justice Act.

//

//

1     DATED this 30th day of June 2020.

2

3

4

5                                                John C. Coughenour
                                               UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26